IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maria Ramirez and Roberto C. Rivera, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Barraco's Pizza, Inc. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No.26-cv-00176 <br><br> Jury demanded |

**COMPLAINT**

Plaintiffs Maria Ramirez ("Plaintiff Ramirez"), Roberto C. Rivera ("Plaintiff Rivera") and all other persons similarly-situated, known and unknown, through their attorneys, Lopez & Sanchez, LLP, for their Complaint against Defendant Barraco's Pizza, Inc. ("Defendant"), individually, state as follows:

**INTRODUCTION**

1. This lawsuit arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Workers' Compensation Act (Workers' Comp Act), 820 ILCS § 305/1 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") and the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") for Defendant's wrongful termination and retaliation of Plaintiffs Ramirez and Rivera and others similarly-situated after seeking medical attention and taking time off for injuries they sustained on the job, failure to pay one of the Plaintiff Rivera and others similarly-situated at the overtime premium rate of one and one-half times the regular rate of pay

for any hours worked in excess of forty (40) hours in a workweek and withholding or delaying paychecks to retaliate for being absent from work, failure to pay Plaintiffs Ramirez and Rivera their earned vacation pay upon their termination, failure to allow Plaintiff Ramirez to take her earned paid vacation leave during her close to five years of employment, and by unlawfully requiring Plaintiffs Ramirez and Rivera and others similarly-situated to scan their fingerprint in its biometric time tracking system as a means of authentication, instead of using only cards, codes or other methods.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FMLA and FLSA claims pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over all of Plaintiffs' related state-law claims.

4. Venue is proper under 28 U.S.C. § 1391 because Defendant operates its business within this District and the facts and events giving rise to Plaintiffs' Complaint occurred in this District.

## THE PARTIES

5. At all relevant times herein, Plaintiffs Ramirez and Rivera resided in and were domiciled within this District.

6. Plaintiff Rivera was employed by Defendant as a restaurant worker until his termination in or about July 2024.

7. Plaintiff Ramirez was employed by Defendant as a restaurant worker until her termination on January 25, 2025.

8. At all relevant times herein, Plaintiffs Ramirez and Rivera and other similarly-situated individuals were "employees" as defined by the FLSA, Workers' Comp Act, IWPCA and IMWL.

9. At all relevant times herein, Plaintiff Rivera and other similarly-situated individuals were not exempt from the overtime provisions of the FLSA and the IMWL.

10. At all relevant times herein, Plaintiffs Ramirez and Rivera and other similarly-situated individuals were "eligible employees" as defined by the FMLA.

11. Defendant is an Illinois corporation operating seven (7) Italian restaurants in Beverly, Chicago, Crestwood, Evergreen Park and Orland Park, Illinois.

12. Defendant was Plaintiffs' "employer" within the meaning of the FMLA, FLSA, Workers' Comp Act, IWPCA and IMWL.

13. Defendant is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

## FACTUAL ALLEGATIONS

### A. Terminations After Work-Related Injuries

14. Plaintiffs Ramirez and Rivera were injured at work and required medical attention.

15. Plaintiffs Ramirez and Rivera sought medical attention and provided doctors' notes to Defendant stating the need to take time off of work to recover from their injuries.

16. Upon providing their respective doctors' notes, Defendant terminated Plaintiffs Ramirez and Rivera.

17. Plaintiff Rivera was terminated in July 2024; Plaintiff Ramirez was terminated on January 25, 2025.

18. On information and belief, Defendant has maintained a policy or practice of

19. Defendant has maintained a policy or practice of retaliating against employees who, like Plaintiffs Ramirez and Rivera, injured themselves on the job, required medical attention for their injuries and needed to take leave from work due to their injuries, through different adverse

actions, including termination.

20. On information and belief, Defendant has maintained a policy or practice of interfering with, restraining and/or denying "eligible employees" their FMLA rights by not permitting and/or discouraging them from taking or requesting medical leave for a serious health condition or medical treatment (including for illness or injury on or off the job), suffered by them or a family member that was supported by medical documentation.

### B. Withholding or Delay of Wages

21. Defendant withheld Plaintiff Rivera's paycheck after he had to take time off due to an injury he sustained at work in or about July 2024.

22. On information and belief, Defendant has maintained a policy or practice of routinely withholding or delaying wage payments from other employees who had to be absent from work due to an illness or injury, on or off the job.

23. Defendant's policy or practice was known among its employees and it was common knowledge that Defendant implemented it to discourage employees from being absent from work, regardless of the justification.

### C. Failure to Pay Earned Vacations

24. Under Defendant's policies, all full-time employees were entitled to a one-week paid vacation every calendar year.

25. At the time of their respective terminations, Defendant failed to pay Plaintiffs Ramirez and Rivera the one-week paid vacation they had earned and accrued.

26. Additionally, Plaintiff Maria Ramirez, who worked nearly five years for Defendant, was never allowed to take a vacation despite earning the benefit.

### D. Overtime Violations

27. During the year prior to his termination, Plaintiff Rivera regularly worked more than 40

hours per week.

28. Defendant required Plaintiff Rivera to punch out after his regular shift and continue working off the clock.

29. Defendant paid Plaintiff Rivera $19 per hour for all his regular hours with a check and for all hours he worked in excess of forty (40) hours per week with cash.

30. On information and belief, Defendant has maintained a policy or practice of requiring other employees to punch out after their regular shifts and continue working off the clock, and not paying those employees at the required premium overtime rate of time-and-a-half for all hours they worked in excess of forty (40) hours per week.

31. Defendant's actions were willful and were made in bad faith.

32. Plaintiff Rivera has executed a consent to sue letter, which is attached to this Complaint as an exhibit.

### E. Unlawful Use of Fingerprint Timekeeping System

33. During the time Plaintiff Ramirez and Rivera worked for Defendant, they and other hourly employees were required to clock in and out using a fingerprint-based biometric timekeeping system.

34. In implementing this timekeeping system, Defendant did not:

   a. Provide a publicly available retention schedule or guidelines for permanently destroying the Plaintiffs' and other hourly employees' biometric identifiers and biometric information.

   b. Obtain informed written consent from Plaintiffs and other hourly employees before acquiring their biometric data.

   c. Inform Plaintiffs and other hourly employees in writing that:
      i. their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated; or
      ii. the specific purpose and length of term for which biometric identifiers and/or biometric information were being collected, stored, used and disseminated.

    d. Inform Plaintiffs and other hourly employees that its timekeeping system systematically and automatically disclosed, redisclosed, or otherwise disseminated their biometric identifiers and/or biometric information without first obtaining their consent.

35. Defendant's conduct violated Sections 15(a), 15(b), and 15(d) of BIPA, 740 ILCS 14/1 *set seq*.

36. Plaintiffs Ramirez and Rivera and similarly-situated employees of Defendant suffered privacy violations and statutory damages.

## CLASS ALLEGATIONS

37. Plaintiffs Ramirez and Rivera bring class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure on their behalf and on behalf of similarly-situated individuals as detailed in in paragraphs 38 through 42 of this section.

### A. FMLA Interference Class

38. Plaintiffs Ramirez and Rivera bring class claims under the FMLA, 29 U.S.C. § 2601 *et seq.*, on their behalf and on behalf of other "eligible employees" who within the three (3) years preceding the filing of this action and through final judgment were either not permitted or discouraged from taking or requesting medical leave for a serious health condition or medical treatment (including for illness or injury on or off the job), suffered by them or a family member, by the Defendant and the medical leave was supported by medical documentation.

### B. Illinois Workers' Compensation Retaliatory Discharge Class

39. Plaintiffs Ramirez and Rivera bring class claims under the Illinois Worker's Comp Act, 820 ILCS § 305/1 *et seq.*, on their behalf and on behalf of other similarly-situated employees who are/were employed by Defendant within the five (5) years preceding the filing of this action and through final judgment and who were retaliated against by Defendant by being terminated or given less favorable working conditions after suffering a work-related injury,

requesting medical treatment for a work-related injury, reporting a work-related injury, or seeking or intending to seek benefits under the Illinois Workers' Compensation Act, where the injury was supported by medical documentation.

### C. IWPCA Withholding or Delay of Wage Payments Class

40. Plaintiff Rivera brings a class claim under the IWPCA, 820 ILCS § 115/1 *et seq.*, on his behalf and on behalf of all current and former similarly-situated hourly employees of Defendant in Illinois within the ten (10) years preceding the filing of this action and through final judgment who experienced withheld or delayed payment of their wages following an absence at work.

### D. IMWL Class

41. Plaintiff Rivera brings a class claim under the IMWL, 820 ILCS § 105/1 *et seq.*, on his behalf and on behalf of all current and former similarly-situated hourly employees of Defendant within the three (3) years preceding the filing of this action and through final judgment who are/were required to work off-the-clock in excess of forty (40) hours per week and were not paid at the required premium overtime rate of time-and-a-half for those hours.

### E. BIPA Class

42. Plaintiffs Ramirez and Rivera bring a class action under the Illinois BIPA, 740 ILCS § 14/1, *et seq.*, on their behalf and on behalf of all similarly-situated employees of Defendant whose fingerprint and/or other biometric identifiers were collected and used by Defendant in Illinois within the five (2) years preceding the filing of this action and through final judgment in violation of BIPA.

43. Defendant has close to 1,000 employees who work or have worked in all 7 of its restaurants in the past 3 to 5 years. On information and belief, each of the classes defined in paragraphs 38 through 42 consist of at least 40 members and are, thus, so numerous that joinder of all potential individuals as plaintiffs is impracticable.

44. This action presents common questions of law and fact with respect to each of the classes defined in paragraphs 38 through 42, including, but not limited to:

   a. Whether Defendant maintained an express or de facto policy or practice of retaliating against employees because they missed work due to an illness or an injury sustained at work or elsewhere and in fact terminated employees for those reasons.

   b. Whether Defendant maintained an express or de facto policy or practice of withholding or delaying payment of their wages following an absence and in fact withheld or delayed payment of wages to employees for their work absences.

   c. Whether Defendant maintained an express or de facto policy or practice of requiring hourly employees to work off-the-clock and not paying them at the required premium overtime rate of time-and-a-half for any hours they worked in excess of forty (40) hours per week.

   d. Whether Defendant collected and used the fingerprints and/or other biometric identifiers of employees in Illinois in violation of BIPA.

   e. Whether Defendant's policies or practices caused class-wide damages, including back pay, front pay, lost benefits, and other recoverable relief.

45. Plaintiffs' claims are typical of those of the class members in each of the classes defined in paragraphs 38 through 42 because Plaintiffs and the class members were subject to Defendant's uniform policies or practices.

46. Plaintiffs Ramirez and Rivera will fairly and adequately protect the interests of each of the classes they seek to represent. Plaintiffs have no interests antagonistic to each of those classes, and Plaintiffs' counsel are experienced in litigating class actions under the FMLA, employment and wage-and-hour laws, and BIPA.

47. Common questions predominate because the central issues—Defendant's practices, policies, and actions for the claims brought by each of the classes defined in paragraphs 38 through 42 can be proven with common evidence such as employee records and payroll records, leave requests, written warnings, and testimony from managers and employees.

48. A class action is superior to individual actions because the number of impacted

employees makes separate actions inefficient, results would risk inconsistency, and many class members may lack the resources to pursue claims individually.

## COLLECTIVE ALLEGATION

### FLSA Collective Action

49. Plaintiff Rivera brings a collective action under the FLSA, 29 U.S.C. §216(b), on behalf of himself and all current and former hourly employees of Defendant within the three (3) years preceding the filing of this action and through final judgment who are/were required to work off-the-clock and were not paid at the required premium overtime rate of time-and-a-half for hours they worked in excess of forty (40) hours per week.

50. Collective treatment is appropriate because affected employees were subject to a uniform overtime-avoidance scheme.

## CLAIMS FOR RELIEF

### COUNT I- Violation of FMLA- Interference with FMLA through Wrongful Termination
### (Plaintiffs individually, and behalf of a class)

51. Plaintiffs incorporate and re-allege paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. This Count arises from Defendants' violation of the FMLA, 29 U.S.C. §2601 *et seq.*, for interfering, restraining and/or denying Plaintiffs and other "eligible employees" their FMLA rights.

53. Plaintiffs and the Class members were "eligible employees" under the FMLA and Defendant was a covered employer.

54. Plaintiffs and the Class members and/or their family members suffered from serious health conditions and/or required medical treatment that entitled them to medical leave under the FMLA.

55. Plaintiffs and the Class members exercised their rights under the FMLA by taking and/or requesting medical leave.

56. Defendant interfered with, restrained and/or denied Plaintiff and other "eligible employees" medical leave to which they were entitled by either not permitting or discouraging them from taking or requesting medical leave.

57. Defendant willfully violated the FMLA by interfering, restraining and/or denying Plaintiffs and Class members their FMLA rights by not permitting or discouraging them from taking or requesting medical leave for a serious health condition or medical treatment (including for illness or injury on or off the job), suffered by them or a family member, and going as far as terminating them if they took medical leave.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

a. Determining that this action may be maintained as a class under Fed. R. Civ. P. 23, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel.

b. Declaring that Defendant's policies and/or practices violated the FMLA.

c. Entering an injunction prohibiting Defendant from implementing policies or practices that have the effect of interfering, restraining and/or denying "eligible employees" their FMLA rights.

d. Granting equitable relief necessary to effectuate the purposes of the FMLA.

e. Awarding Plaintiffs and the Class members back pay, lost wages, and lost employment benefits.

f. Awarding Plaintiffs and the Class members front pay or reinstatement, at Plaintiffs' election.

g. Awarding Plaintiffs and the Class members liquidated damages equal to the amount of lost wages and benefits pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

h. Awarding Plaintiffs and the Class members prejudgment interest as permitted by law.

i. Awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

j. Awarding such further relief as this Court deems appropriate and just to make

Plaintiffs and the Class whole.

### COUNT II- Retaliation Under the Illinois Workers' Compensation Act
### (Plaintiffs individually, and behalf of a class)

58. Plaintiffs incorporate and re-allege paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. This Count arises from Defendants' violation of the Illinois Workers' Comp Act, 820 ILCS § 305/1 *et seq.* for terminating or involuntarily separating Plaintiffs and Class members after they suffered a work-related injury, requested medical treatment for a work-related injury, reported a work-related injury, or sought or intended to seek benefits under the Act.

60. Plaintiffs and Class members suffered work-related injuries and sought medical treatment and/or benefits under the Illinois Workers' Compensation Act.

61. Defendant retaliated against Plaintiff and similarly-situated individuals because they exercised or attempted to exercise their rights protected by the Illinois Workers' Compensation Act by terminating them or giving them less favorable working conditions.

62. Defendant's conduct constitutes retaliation in violation of Illinois common law and public policy embodied in the Illinois Workers' Compensation Act.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

a. Determining that this action may be maintained as a class under Fed. R. Civ. P. 23, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel.

b. Declaring that Defendant's policies and/or practices violated the Illinois Workers' Compensation Act.

c. Entering an injunction prohibiting Defendant from implementing policies or practices that retaliate against employees for exercising or attempting to exercise their rights under the Illinois Worker's Compensation Act.

d. Granting equitable relief necessary to effectuate the purposes of the Illinois Workers' Compensation Act.

e. Awarding Plaintiffs and the Class members compensatory damages, including lost

    wages, lost benefits, and emotional distress damages.

    f.  Awarding Plaintiffs and the Class members punitive damages to deter similar misconduct;

    g.  Awarding Plaintiffs and the Class members front pay or reinstatement, at Plaintiffs' election.

    h.  Awarding reasonable attorneys' fees and costs as permitted by law.

    k.  Awarding such further relief as this Court deems appropriate and just to make Plaintiffs and the Class whole.

### COUNT III- Violation of IWPCA- Withholding or Delay of Wage Payments
### (Plaintiff Rivera individually, and behalf of a class)

63. Plaintiff Rivera incorporates and re-alleges paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64. This Count arises from Defendant's violation of the IWPC, 820 ILCS § 115/1 *et seq.*, for withholding or delaying wage in retaliation for being absent from work.

65. Defendant withheld and delayed wages owed to Plaintiff Rivera and Class members in retaliation for absences from work, medical or otherwise.

66. Defendant's conduct violated 820 ILCS § 115/4 and related provisions of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    a.  Determining that this action may be maintained as a class under Fed. R. Civ. P. 23, appointing Plaintiff Rivera as Class Representative and his counsel as Class Counsel.

    b.  Declaring that by withholding or delaying wages, Defendant violated the IWPCA.

    c.  Entering an injunction prohibiting Defendant from implementing similar policies or practices that violate the IWPCA.

    d.  Granting equitable relief necessary to effectuate the purposes of the IWPCA.

    e.  Awarding Plaintiffs and the Class members all unpaid and delayed wages.

    f.  Awarding Plaintiffs and the Class members statutory damages and penalties under

820 ILCS § 115/14.

g. Awarding Plaintiffs and the Class members interest on all unpaid wages.

h. Awarding reasonable attorneys' fees and costs as mandated by the IWPCA.

i. Awarding such further relief as this Court deems appropriate and just to make Plaintiff Rivera and the Class whole.

### COUNT IV- Violation of IWPCA- Failure to Pay Earned Vacation
### (Plaintiffs individually)

67. Plaintiffs incorporate and re-alleges paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. This Count arises from Defendant's violation of the IWPC, 820 ILCS § 115/1 *et seq.*, for failing to pay Plaintiffs' earned vacation.

69. Defendant has a policy granting all full-time employees a one-week paid vacation every calendar year.

70. Defendant failed to pay Plaintiffs their earned vacation upon termination.

71. Defendant unlawfully denied Plaintiff Ramirez the ability to use her earned vacation leave during the nearly five years it employed her.

72. Defendant violated 820 ILCS 115/2, 115/4, and 115/5.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

a. Declaring that by not paying Plaintiffs their earned vacations and denying Plaintiff Ramirez the ability to use her earned vacation leave Defendant violated the IWPCA.

b. Entering an injunction prohibiting Defendant from engaging in similar conduct that violates the IWPCA.

c. Granting equitable relief necessary to effectuate the purposes of the IWPCA.

a. Awarding Plaintiffs all unpaid vacation wages.

b. Awarding Plaintiffs statutory damages and penalties under 820 ILCS 115/14.

c. Awarding Plaintiffs interest on unpaid vacation wages.

    d.  Awarding reasonable attorneys' fees and costs.

    e.  Awarding such further relief as this Court deems appropriate and just to make Plaintiffs whole.

**COUNT V- Violation of the FLSA- Overtime Wages**
**(Plaintiff Rivera individually, and behalf of similarly-situated employees)**

73. Plaintiff Rivera incorporates and re-alleges paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for failure to pay overtime wages to Plaintiff Rivera and similarly-situated employees at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for any hours worked in excess of forty (40) hours during a regular workweek.

75. Plaintiff Rivera and similarly-situated employees were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

76. Defendants directed Plaintiff Rivera and similarly-situated employees to work, and Plaintiff Rivera and other employees did so work, in excess of forty (40) hours in individual work weeks.

77. Defendants did not pay Plaintiff Rivera and similarly-situated employees at the required rate of one and one-half times their regular hourly rate for any hours they worked in excess of forty (40) hours in individual work weeks as required under 29 U.S.C. §207.

78. Defendant willfully violated the FLSA by requiring Plaintiff Rivera and others similarly-situated employees to punch out after their regular shift and work off the clock, and by paying them at the regular rate of pay in cash for all hours they worked in excess of 40 hours per week, rather than at the required premium overtime rate of time-and-a-half.

WHEREFORE, Plaintiff Rivera prays for a judgment against Defendants as follows:

   a. Awarding one and one-half times the regular rate for all time Plaintiff Rivera and similarly-situated employees worked in excess of forty (40) hours per week.

   b. Awarding liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff Rivera and similarly-situated employees are found to be due and owing.

   c. Awarding reasonable attorneys' fees and costs of this action as provided by the FLSA.

   d. Awarding such further relief as this Court deems appropriate and just to make Plaintiffs Rivera and similarly-situated employees whole.

### COUNT VI- Violation of the IMWL- Overtime Wages
### (Plaintiff Rivera individually, and behalf of a class)

79. Plaintiff Rivera re-alleges and incorporates paragraphs 1 through 78 of this Complaint as though fully set forth herein

80. This Count arises from Defendant's violation of the IMWL, 820 ILCS §105/1 *et seq.*, for failure to pay overtime wages to Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

81. Plaintiff Rivera and similarly-situated employees were not exempt from the overtime wage provisions of the IMWL.

82. Defendants directed Plaintiff Rivera and similarly-situated employees to work, and Plaintiff Rivera and other employees did so work, in excess of forty (40) hours in individual work weeks.

83. Defendants did not pay Plaintiff Rivera and similarly-situated employees at the rate of one and one-half times their regular hourly rate for any hours they worked in excess of forty (40) hours in individual work weeks as required under 820 ILCS §105/4a(1).

84. Defendant required Plaintiff Rivera and others similarly-situated to punch out after their regular shift, to work off the clock and paying them at the regular Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the

maximum hour provisions of the IMWL, 820 ILCS §105/4(a).

85. Pursuant to 820 ILCS §105/12(a), Plaintiff and similarly-situated individuals are entitled to recover treble the amount of unpaid overtime wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

WHEREFORE, Plaintiff Rivera prays for a judgment against Defendant as follows:

a. Determining that this action may be maintained as a class under Fed. R. Civ. P. 23, appointing Plaintiff Rivera as Class Representative and his counsel as Class Counsel.

b. Awarding Plaintiff Rivera and Class members treble the amount of all back wages due as provided by the IMWL.

c. Awarding Plaintiff Rivera and Class members interest on the back wages in accordance with 820 ILCS §115/14, at 5% per month.

d. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL.

e. Awarding such further relief as this Court deems appropriate and just.

**COUNT VII- Violation of the BIPA- Collection, Storage and Usage of Biometric Data
(Plaintiffs individually, and behalf of a class)**

86. Plaintiffs incorporate and re-allege paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87. This Count arises from Defendants' violation of the BIPA, 740 ILCS §14/1, *et seq.*

88. Defendant collected, stored, and used Plaintiffs and Class members' fingerprints and/or other biometric identifiers without complying with BIPA, 740 ILCS §§ 14/15(a), 14/15(b) and 14/15(d).

89. Each unlawful scan constitutes a separate statutory violation.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

a. Awarding Plaintiffs and Class members statutory damages of $1,000 per negligent violation and/or $5,000 per reckless or willful violation.

    b.  Awarding injunctive relief requiring Defendant to comply with BIPA.

    c.  Awarding reasonable attorneys' fees and costs under 740 ILCS 14/20.

    d.  Awarding such further relief as this Court deems appropriate and just to make Plaintiffs and the Class members whole.

                                   Respectfully submitted,

                                   /s/ Alonzo Rivas
                                 One of Plaintiffs' attorneys

Jorge Sanchez
Alonzo Rivas
Lopez & Sanchez LLP
1300 Greenbrook Blvd., Suite 200
Hanover Park, IL 60133
(847) 893-9106
jsanchez@lopezsanchezlaw.com
arivas@lopezsanchezlaw.com

Dated: January 7, 2026